## John Foster *vs.* Miles Leavitt.

In trespass *quare clausum fregit*, brought before a justice of the peace, the defendant pleaded the general issue, and filed a brief statement, setting forth matter that brought the title to real estate in question; it was *held*, that the jurisdiction of the justice was not taken away by the brief statement.

This was an action of trespass *quare clausum fregit*, commenced before a justice of the peace.

Foster
*vs.*
Leavitt.

The cause was tried before the justice, upon the general issue, with a brief statement, setting forth that there was a public highway through the close, and that the defendant, being surveyor of highways, entered and repaired the highway, which was the trespass of which the plaintiff complained.

The justice proceeded to render judgment in favor of the plaintiff, from which judgment the defendant appealed.

At the October term, 1836, of the court of common pleas, *Bordman*, for the defendant, moved the court to dismiss the appeal, on the ground that the justice had no jurisdiction to try the case after the brief statement was filed ; and the question thus presented was referred to the determination of this court.

*Lyford*, for the plaintiff.

Richardson, C. J., delivered the opinion of the court.

The constitution of this state declares, that " the general ' court are empowered to give to justices of the peace juris- ' diction in civil causes, when the damages demanded shall ' not exceed four pounds, and title of real estate is not con- ' cerned." This provision in the constitution has always been construed as determining the extent to which jurisdiction can be given to justices of the peace ; and in no case has it ever been attempted to give them by statute any jurisdiction beyond that which this clause in the constitution expressly authorizes.

The statute, entitled " an act to declare the jurisdiction ' and regulate the proceedings of justices of the peace in ' civil and criminal cases," provides, in the fifth section, that the defendant in any cause triable before a justice of the peace, may give any special mattter in evidence under the general issue, except such as may bring the title of real estate in question ; and in the third section of the same statute it is provided, " that when an action of trespass shall

'be brought before any justice of the peace, and the defend-
'ant shall plead the general issue, he shall not be allowed to
'offer any evidence that may bring the title of real estate
'in question.  And when in any such action the defendant
'shall plead a special plea, whereby the title of real estate
'shall be drawn in question, the justice shall record such
'plea, and no further proceedings shall be had thereon before
'the justice."  And provision is made in the same act for
carrying the cause, when such a plea is filed in such a case,
to the court of common pleas for trial.

This statute, regulating the proceedings before justices
of the peace, was passed on the 31st December, 1828.

The statute of July 2, 1831, enacts "that in all civil ac-
'tions the defendant may plead the general issue, which
'shall be joined by the plaintiff; and either party may give
'in evidence any special matter in support or defence of the
'action, upon filing in the court a brief statement of such
'special matter, either of law or fact, within such time as
'the court order."

It is contended, on behalf of the defendant, that the last
mentioned statute applies to this case.  But a very slight
examination of the subject will show that the statute of
1828 establishes as plain, as simple, as convenient a mode
of proceeding before justices of the peace, as could be de-
vised.  It abolishes special pleading, as far as it can be con-
veniently done.  It makes the general issue an appropriate
plea, whatever may be the nature of the defence, in all cases,
with one exception.  In order to entitle a defendant to give
any special matter in evidence upon the general issue, it does
not even require him to file a brief statement of the matter
intended to be offered in evidence.  But as justices of the
peace cannot try the title to real estate, it very properly
provides, that if the defendant intends to set up any title to
the *locus in quo* in an action for breaking and entering a
close, he shall plead it specially.  As soon as such a plea is
filed, the jurisdiction of the justice is taken away, and the

cause is to be sent to the court of common pleas, to be tried. And the statute requires a special plea in this instance, in order that the matter which takes away the jurisdiction of the justice may appear on the face of the record.

The statute of 1831 was passed to abolish special pleading in the higher courts, and never could have been intended to interfere with the provisions of the statute which regulates the proceedings before justices of the peace. There is nothing in the language used that gives the slightest intimation of an intent to change the mode of proceeding there.

There is, then, no ground for dismissing this appeal. The course pursued by the justice was the correct course. And if upon the trial the defendant shall be precluded from setting up the defence he intended, it will be because he was not advised to pursue the proper course to entitle him to avail himself of that defence.

*Motion overruled.*